IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY ROY WHEATON and <br> NATHALIE MARLENE JODOIN, <br><br> Plaintiffs, <br><br> vs. <br><br> TROI LYNN BILLY, a/k/a KAREN DANIELS, d/b/a NATIONAL RECOVERY a/k/a DANIELS & DAVIS LAW OFFICE, and FIRST NATIONAL BANK, <br><br> Defendants. | Case Number CIV-07-941-C |

## MEMORANDUM OPINION

Plaintiffs filed the present action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), negligence, fraud, and violations of the Oklahoma Consumer Protection Act, 15 Okla. Stat. § 751 ("OCPA"). On October 15, 2007, Defendant First National Bank filed an Answer denying Plaintiffs' claims and asserting a cross-claim against Defendant Daniels.[1] On October 29, 2007, Defendant Daniels, through counsel, filed an Answer denying the allegations of Plaintiffs' Complaint. On December 6, 2007, the Court entered a Scheduling Order setting various deadlines in the case and setting a jury trial in August of 2008. On January 14, 2008, Defendant Daniels, through counsel, filed an Answer denying the allegations in Plaintiffs' Amended Complaint and the

---

[1] Unless otherwise stated herein, the Court will use Defendant Daniels or Daniels to refer to Defendant Troi Lynn Billy, a/k/a Karen Daniels, d/b/a National Recovery a/k/a Daniels & Davis Law Office.

allegations raised in the cross-claim.[2] On that same date, counsel for Defendant Daniels sought leave to withdraw. On January 15, 2008, the Court granted counsel leave to withdraw and Ordered Defendant Daniels to secure other counsel or appear pro se within 20 days or face entry of judgment.

On May 20, 2008, Cross-Plaintiff First National Bank filed a motion seeking entry of default against Defendant Daniels relying on the failure to secure new counsel or enter an appearance pro se. On May 28, 2008, Plaintiffs filed a motion identical to that filed by First National Bank. Because Defendant Daniels had at one time appeared in the case and in observance of the disdain for default judgment, the Court elected to wait the 18 days provided for by LCvR 7.1(g), for Defendant Daniels to respond. That time has now passed without response from Defendant Daniels.

Plaintiffs and Defendant Bank do not specify the authority under which they seek judgment. After consideration of the facts of the case, the Court finds this matter is most appropriately considered under Fed. R. Civ. P. 16(f) and the Court's inherent power to control its docket. See Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991)(recognizing courts have inherent power to sanction conduct abusive of the judicial process and to ensure orderly process of court's docket). The remedy sought here is entry of judgment against Defendant as a sanction; therefore, the Court's resolution is governed by the case law

---

[2] In her Answer Defendant Troi Lynn Billy admitted she is the same person as Karen Daniels and did not deny that she does business as National Recovery and/or Daniels and Davis Law Office. Accordingly, the Court will treat these as a single Defendant.

addressing dismissal as a sanction as that is how the entry of judgment is being sought in this case.

The Tenth Circuit has set forth the standard to be applied in considering the sanction sought in this case:

> Before imposing dismissal as a sanction, a district court should ordinarily evaluate the following factors on the record: "(1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." Id. at 921 [Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir.1992)] (internal quotation marks and citations omitted) (dismissing case as sanction for discovery violation). Although Ehrenhaus involved sanctions for discovery violations, we have held that "Rule 41(b) involuntary dismissals should be determined by reference to the Ehrenhaus criteria." Mobley v. McCormick, 40 F.3d 337, 341 (10th Cir.1994). Similarly, we conclude that dismissal as a sanction under Rules 16(f) and 37(b)(2)(C) should ordinarily be evaluated under the same factors. See id. (finding "no principled distinction between sanctions imposed for discovery violations and sanctions imposed for noncompliance with other orders"). The factors do not create a rigid test but are simply criteria for the court to consider. Ehrenhaus, 965 F.2d at 921.

Gripe v. City of Enid, Okla., 312 F.3d 1184, 1188 (10th Cir. 2002). Applying these factors to the case at bar, the Court finds default is warranted.

As the motions of Plaintiffs and Bank make clear, Defendant Daniels' failure to secure new counsel or otherwise appear is creating significant prejudice to both parties. Plaintiffs assert that Defendant Daniels is one of the primary witnesses in the matter and without her participation Plaintiffs are unable to properly prepare their case. Defendant Bank asserts its contract with Daniels provides that Daniels must indemnify it from claims such as those

brought by Plaintiffs. Thus, Bank asserts, Daniels' absence is interfering with the preparation and presentation of its case.

There has been a negative impact on the judicial process as well. Deadlines imposed by the Scheduling Order have by necessity been rescheduled and the trial setting is in jeopardy. Indeed, from review of the Court's file, it appears that following the withdrawal of Daniels' counsel, this case has ground to a complete halt with no prospect of moving in the near future. Therefore, the Court finds the second factor weighs in favor of default.

As noted above, the Court's January 15, 2008, Order placed the burden of securing new counsel or appearing pro se squarely on Defendant Daniels. Thus, the failure to comply is clearly that of Defendant Daniels. Likewise, the Court's Order warned that failure to comply would result in sanctions up to and including entry of judgment against her. Clearly, Daniels was and is aware of the consequences of her inaction.

Finally, the Court finds that no lesser sanction would be effective in prompting compliance from Daniels.[3] Daniels has known for several months of her obligations arising from the Court's January 15, 2008, Order and the potential consequences for failing to comply. However, Daniels has neither complied nor sought additional time in which to comply. Likewise, Daniels has been aware for nearly three weeks of the sanctions sought

---

[3] This fact is particularly pertinent here as it appears from the pleadings that Defendant is an attorney. As an officer of the Court, she is unquestionably aware of the consequences of failing to respond to Court orders.

yet Daniels has taken no action to ward off those sanctions. Default is the only option likely to be effective.

For these reasons, the Court will enter default against Defendant Troi Lynn Billy, a/k/a Karen Daniels, d/b/a National Recovery a/k/a Daniels & Davis Law Office.

Neither party's brief establishes the right to recover any amount without an evidentiary hearing. Certainly, damages are not "a sum certain or a sum that can be made certain by computation . . . ." Fed. R. Civ. P. 55(b)(1). Further, Plaintiffs' claims against Defendant First National Bank remain pending. Accordingly, this matter shall proceed to jury trial on the remaining issues at the time adjusted by the Court's June 2, 2008, Order extending the deadlines set by the Scheduling Order.

As set forth herein, the Court finds Plaintiffs are entitled to judgment against Defendant Troi Lynn Billy, a/k/a Karen Daniels, d/b/a National Recovery a/k/a Daniels & Davis Law Office in an amount to be determined at trial. Likewise, Defendant First National Bank is entitled to judgment against Defendant Troi Lynn Billy, a/k/a Karen Daniels, d/b/a National Recovery a/k/a Daniels & Davis Law Office in an amount to be determined at trial. Accordingly, Plaintiffs' Motion for Judgment (Dkt. No. 26) is GRANTED and Defendant First National Bank's Motion for Judgment (Dkt. No. 24) is GRANTED. A separate Judgment will issue at the close of these proceedings

IT IS SO ORDERED this 18th day of June, 2008.

ROBIN J. CAUTHRON
United States District Judge